# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD ANTHONY FALICE, <br> #13754-058, <br><br> Petitioner, <br><br> vs. <br><br> WILLIAM TRUE, <br><br> Respondent. | Case No. 19-cv-00284-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Reginald Anthony Falice, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his conviction and sentence in *Unites States v. Falice,* No. 3:98-cr-00244-GCM (W.D. N.C. 1998). Petitioner asserts that he is being held in violation of the Constitution and laws of the United States.

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### BACKGROUND

Petitioner was sentenced on July 25, 2000, to concurrent life sentences after a jury convicted him on one count of interstate domestic violence resulting in bodily injury and death, in

1

violation of 18 U.S.C. § 2261(a), 2261(b), and 2266, and one count of using or carrying a firearm during and in relation to murder, in violation of 18 U.S.C. § 924(c)(1), 924(j), and 1111 in the Western District of North Carolina. His conviction was affirmed the following year by the Fourth Circuit Court of Appeals. *See United States v. Falice,* 18 F. App'x 210 (4th Cir. 2001).

Since then, Petitioner has brought multiple challenges to his conviction and sentence pursuant to Section 2255. *See Falice v. United States,* No. 3:14-640-GCM (W.D. N.C. Nov. 18, 2014) (identifying Petitioner's attempts to obtain relief from his judgment of conviction). He has also initiated multiple civil lawsuits raising challenges to his criminal prosecution and has incurred monetary sanctions from the Western District of North Carolina for his "propensity to usurp the Court's resources by filing vexatious and harassing litigation against judges, attorneys and other people." *Falice v. Unites States,* No. 3:03-cv-00068-GCM (W.D. N.C. Feb. 28, 2003); *see also Falice v. Unites States*, No. 3:13-cv-629-FDW (W.D. N.C. Dec. 11, 2013) (reciting Petitioner's litigation history).

While incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma, on October 17, 2016, he filed a petition for relief under Section 2241. *Falice v. Unites States of America*, No. 5:16-cv-01204-HE (W.D. O.K.) (Doc. 1). The United States District Court for the Western District of Oklahoma stated that due to the filing restrictions that have been imposed in the North Carolina District Court, "Petitioner appears to capitalize on his temporary confinement at the Federal Transfer Center in Oklahoma City. . . as an opportunity to circumvent these filing restrictions and the circuit authorization requirements accompanying his successive § 2255 motion." *Falice v. Unites States of America*, No. 5:16-cv-01204-HE (W.D. O.K. Oct. 25, 2016) (Report and Recommendation, Doc. 4). The Oklahoma District Court ruled that Petitioner's claims should be construed "as a challenge to the validity of his conviction and sentence" under Section

2255 and dismissed for lack of jurisdiction. *Id.* (Order Adopting Report and Recommendation, Doc. 7).

## DISCUSSION

Petitioner alleges that his conviction was obtained illegally under a statute that is not federal law, perjury and discrimination occurred during his trial, and that his sentence was void from the beginning due to a violation of the separation of powers between the legislative, judicial, and executive branches. (Doc. 1, pp. 6, 7). Unfortunately, however, most of his claims are unclear and confusing.

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v.*

3

*Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). The Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels,* 784 F.3d 1123, 1136 (7th Cir. 2015).

Petitioner satisfies none of these requirements. He does not rely on new statutory interpretation, and while it appears he is alleging fundamental defects in his conviction, he fails to explain how a Section 2255 proceeding would be "inadequate and ineffective." He merely states that Section 2255 is inadequate or ineffective because it is "controlled by United States agents under watch of the United States of America." (Doc. 1, p. 4). Based on the Petition, he is challenging the validity of his conviction and sentence, which could be raised in a Section 2255 proceeding. As previously mentioned, Plaintiff did raise the legality of his conviction and sentence in three Section 2255 petitions. *See Falice v. United States,* No. 3:12-cv-610-GCM (W.D. N.C., Oct. 19, 2012) (dismissing Section 2255 motion as successive). As such, his claims could have been brought in his direct appeal or in his original Section 2255 motions.

Because a lack of success and limitation on filing successive motions does not render a Section 2255 motion an inadequate remedy, Section 2241 is not the proper vehicle for review of Petitioner's conviction and sentence, and the Petition will be dismissed with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to

appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: June 7, 2019

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**